UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 1:20-cr-00025-HAB-SLC-2 |
| ) | |
| ) | |
| **ROLAND ELLINGTON** *also known as* ) | |
| **Roland R. Ellington** ) | |

## OPINION AND ORDER

Before the Court is a motion to sever filed by Defendant Roland Ellington on August 17, 2020. (ECF 50). The Government filed a response on August 18, 2020. (ECF 52). Defendant Ellington failed to file a reply. For the following reasons, Defendant Ellington's motion (ECF 50) is DENIED.

### *A. Background*

Defendant Ellington is currently charged by way of a criminal information with aiding and abetting a bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2, after initially being charged by way of a criminal complaint.[1] (ECF 27; *see also* ECF 1, ECF 1-1). Defendant Ellington's codefendant, Paul Carter—in addition to being charged with bank robbery—is also charged with possessing, carrying, and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).

---

[1] Defendant Ellington has since waived his right to be charged by way of an Indictment. (ECF 24, 37).

The Government asserts in its affidavit filed in support of its criminal complaint that Defendant Ellington was acting as a getaway driver for Defendant Carter, after Defendant Carter allegedly robbed Three Rivers Federal Credit Union ("Three Rivers") in Fort Wayne, Indiana. (ECF 1-1). Per the affidavit, both Defendants were seen in a vehicle in the area of Three Rivers within approximately five minutes of the alleged robbery, after police received a report of a man robbing the bank with a black handgun. (ECF 1-1 at 1). As a Fort Wayne Police Department patrol unit attempted to stop the vehicle, it led the officers on a high-speed chase, during which, an officer saw U.S. currency flying from the vehicle. (ECF 1-1 at 3). The vehicle was eventually stopped, and the occupants—later identified as Defendants Ellington and Carter—were seen running from the vehicle in opposite directions. Officers pursued both suspects on foot, eventually arresting each. (*Id.*). When the officers arrested Defendant Carter, they found clothing in a plastic bag in a nearby outdoor grill—specifically a reflective orange vest, orange balaclava-style mask, sunglasses, and a brown baseball hat—which matched the clothing of the suspect seen robbing Three Rivers in security footage. (*Id.* at 3-4). Similarly, officers retraced the route Defendant Carter ran and found a Taurus TCP .380 caliber pistol, which appeared to be the firearm used in the robbery. (*Id.* at 4).

Defendant Ellington filed the instant motion to sever to preserve his right to a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. (ECF 50 at 2). More specifically, he contends that he would be harmed by any further delay in bringing this case to trial, especially if the Northern District of Indiana renews its jury trial restrictions due to the ongoing COVID-19 pandemic. (*Id.* at 3). In addition, Defendant Ellington argues that there is a difference in terms

2

of the degree of culpability and evidence between Defendant Carter and himself which favors severance. Specifically, Ellington asserts:

> Witnesses from inside [Three Rivers] say only one person entered the bank to commit the robbery. No witnesses were able to identify Ellington. ......[W]hen the occupants of the vehicle were apprehended, a white bag that contained currency, the GPS package from the bank and bright orange clothing (worn by the person who entered the bank) was found in close proximity to Paul Carter. Additionally, once Carter was taken into custody, officers re-traced the path that Carter ran and located a semi-automatic firearm sitting in the grass.

(ECF 50 at 4).

The Government, in response, contends that Defendant Ellington has not shown that he will suffer any prejudice from a joint trial. (ECF 52 at 2). Similarly, it asserts that Defendant Ellington is no less culpable that Defendant Carter as "it is well settled that the escape is still part of the robbery and that any person who knowingly participates in the escape phase of a bank robbery becomes a principal actor in the robbery." (*Id.* at 3 (citing *United States v. Moore*, 936 F.2d 1508, 1526 (7th Cir. 1991); *United States v. Wilkins*, 659 F.2d 769, 773 (7th Cir. 1981))). Lastly, it argues that "[w]hile the evidence against each defendant is *different* it is not *disparate*." (*Id.* at 4).

### B.  Legal Standard

Pursuant to Federal Rule of Criminal Procedure 8(b), an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." However, "[i]f the joinder of offenses or defendants in an indictment, an information, or a

3

consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"District judges have 'wide discretion in determining when the prejudice of joinder outweighs the benefits of a single trial.'" *United States v. Jett*, 908 F.3d 252, 275 (7th Cir. 2018) (quoting *United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006)). "In exercising its discretion the court should balance the interests of the defendant against the needs of judicial economy." *United States v. Tedesco*, 726 F.2d 1216, 1219 (7th Cir. 1984). "In moving under Rule 14(a), a defendant must show a 'serious risk' that a joint trial will 'compromise a specific trial right' or 'prevent the jury from making a reliable judgment about guilt or innocence.'" *Jett*, 908 F.3d at 275 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). In other words, "[t]he defendant moving for severance bears the burden of showing actual prejudice resulting from joinder." *United States v. Williams*, No. 14 CR 557, 2015 WL 1815696, at *1 (N.D. Ill. April 17, 2015) (citing *United States v. Novak*, 870 F.2d 1345, 1354 (7th Cir. 1989)). While "[t]he risk of prejudice is heightened when a defendant is distinctly less culpable than his codefendants," a defendant "is not entitled to severance simply because his chances of acquittal are higher in a separate trial." *Jett*, 908 F.3d at 276. Rather, the "prevailing preference" is to try codefendants together, especially if they are "coconspirators who are indicted together." *Id.* (citations omitted).

*C. Analysis*

Turning first to Defendant Ellington's argument regarding potential delays due to the COVID-19 pandemic, Defendant's concerns are premature and speculative. While the E. Ross Adair Federal building had been closed to the public for several months, the courthouse is now open and "[o]n a case-by-case basis and at the discretion of the assigned District or Magistrate Judge, criminal proceedings may be conducted in person after consultation with counsel and the United States Marshal Service." N.D. Ind. Gen. Order 2020-29 at 2. In any event, a further delay caused by the COVID-19 pandemic would not implicate the Speedy Trial Act under this Court's current General Orders. As General Order 2020-20—which was supplemented by, but not overturned by, General Order 2020-29—makes clear:

> For criminal trials and other criminal matters, delay caused by the continuances implemented by this General Order will be **excluded** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial. ¶

N.D. Ind. Gen Order 2020-20 at 3. Accordingly, the Court will turn to Defendant Ellington's culpability and prejudice arguments.

In terms of culpability, it is true that Defendant Ellington is only alleged to have been the getaway driver following the alleged bank robbery. That being said though, "[t]he getaway is part of the robbery; therefore, the driver of the getaway car is a principal in the crime of robbery and not a mere accomplice after the fact." *Wilkins*, 659 F.2d at 773; *see also United States v. Rawlings*, 341 F.3d 657, 659 (7th Cir. 2003) ("As the driver of the getaway car, Rawlings was a

5

full-fledged member of the conspiracy."). As such, the Court cannot say that Defendant Ellington is distinctly less culpable than Defendant Carter.

Also, other than the risk of further delay, there is nothing to suggest Defendant Ellington would suffer "actual prejudice"—that is, . . . that [he] could not possibly have a fair trial without a severance." *United States v. Caliendo*, 910 F.2d 429, 437 (7th Cir. 1990) (citation omitted). Some factors which might constitute actual prejudice include:

> *(1)* antagonistic defenses conflicting to the point of being irreconcilable and mutually exclusive; (2) a massive and complex quantity of evidence making it almost impossible for the jury to separate evidence as it related to each defendant when determining each defendant's innocence or guilt; (3) a co-defendant's statement inculpating the moving defendant; (4) or gross disparity in the weight of the evidence against the defendants.

*United States v. Oglesby*, 764 F.2d 1273, 1276 (7th Cir. 1985) (internal citations omitted).

Here, Defendant Ellington has not suggested that he or Defendant Carter are pursuing antagonistic defenses, nor has he pointed to any inculpatory statements made by Defendant Carter. Further, there is nothing to suggest that the facts at issue—a bank robbery, followed by a short vehicle and foot pursuit—are so complex as to make it impossible for a jury to fairly consider the evidence as to each Defendant. And while there is arguably more evidence tying Defendant Carter to the robbery in the bank—such as the bag of clothes and gun recovered by police—the evidence suggesting that Defendant Ellington acted as a getaway driver does not appear to be grossly disparate to the evidence against Defendant Carter. In other words, there is little to suggest that Defendant Ellington would not receive a fair trial if he is tried with

Defendant Carter. As a result, Defendant Ellington has failed to carry his burden with respect to actual prejudice as well.

### D.  Conclusion

In summary, Defendant Ellington has failed to show that he is less culpable than Defendant Carter, or that he would suffer actual prejudice from a joint trial. Therefore, given the preference of trying codefendants together, Defendant Ellington's motion to sever (ECF 50) is DENIED.

SO ORDERED.

Entered this 23rd day of September 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge